WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| INSIGHT PUBLIC SECTOR, INC.,<br><br>                              Plaintiff,<br>vs.<br><br>PROTEAM SOLUTIONS, INC.,<br><br>                              Defendant. | No. 2:14-cv-2529-HRH |

O R D E R

Motion to Extend Deadlines and for
<u>Leave to File Second Amended Counterclaim</u>

Procedural History

Defendant/counterclaimant moves for leave to amend its counterclaim and to modify the scheduling order in this case.[1]  This motion is opposed.[2]  Oral argument has not been requested.

Facts

Plaintiff/counterdefendant is Insight Public Sector, Inc.  Defendant/counterclaimant is Proteam Solutions.

"Insight is a global provider of information technology hardware, software and service solutions to private and public sector organizations."[3]  "Proteam offers professional

---

[1]Docket No. 43.

[2]Docket Nos. 57 & 58.

[3]Complaint at 2, ¶ 5, attached to Notice of Removal, Docket No. 1.

Order – Motion to Extend Deadlines and for
Leave to File Second Amended Counterclaim                                                                                   - 1 -

information technology solutions and consulting services to private and public sector organizations in Ohio."[4]

"In March 2010, Insight and Proteam entered into an agreement ... in which Proteam agreed to provide Insight with information about specific sales opportunities within Ohio."[5] The agreement referred to these sale opportunities as "Designated Opportunities."[6] If Insight made any "Designated Opportunities" sales, Proteam was to receive a royalty in the amount of 50% of the gross profit for the sale.[7] The "Designated Opportunities" were to order products directly from Insight.[8]

Insight alleges that from July 2013 through October 2013, Proteam placed orders in its own name in the amount of $726,498.07.[9] Proteam paid Insight $350,000 plus Proteam had a $23,438 credit with Insight, which left $352,950.07 unpaid.[10] Insight alleges that Proteam owes it this unpaid amount because these sales were not governed by the parties' agreement, but rather were purchases made directly by Proteam and not by "Designated Opportunities."[11]

Proteam alleges that after the parties entered into their agreement, Insight learned that "the involved Ohio purchasing agencies require[d] that payments for purchases be

---

[4] Id. at ¶ 6.
[5] Id. at ¶ 7.
[6] Id. at ¶ 8.
[7] Id. at ¶ 8.
[8] Id. at ¶ 9.
[9] Id. at 3, ¶¶ 11-14.
[10] Id. at 4, ¶ 17.
[11] Id. at 3-4, ¶ 15.

remitted to Proteam, rather than Insight" and that "Insight did not thereafter make any effort to amend the Contract to reflect that requirement."[12] Proteam alleges that during the time that the parties' agreement was in effect, it "brokered the sales of $4,387,034.33 of Insight-supplied goods and services to various Ohio governmental agencies."[13] Proteam alleges that "[d]uring the tenure of the Contract, Insight either instructed Proteam to submit bids to purchasing agencies in amounts equal to 101% to 103% of Insight's pricing, or to submit bids in amounts equal to Insight's pricing for the goods."[14] Proteam alleges that Insight told Proteam that this small mark-up was equal to the amount of Proteam's royalty,[15] which resulted in an average royalty payment for Proteam of 1.6%. Proteam alleges that this royalty amount was inconsistent with "Insight's annual reports to shareholders [which] state that during each year of the term of the Contract, Insight's gross profits were in excess of 13%."[16] Thus, Proteam alleges that Insight breached the contract "by ... concealing the true gross profits resulting from Proteam-brokered sales, and failing to pay Proteam its Contractually established royalties in the amount of 50% of such gross profits."[17] Proteam further alleges that Insight misrepresented the amount of royalty that Proteam was due under the parties' agreement and that Insight concealed its gross profits

---

[12] Amended Counterclaim at 3, ¶ 10, Docket No. 28.

[13] Id. at ¶ 12.

[14] Id. at 4, ¶ 22.

[15] Id. at 5, ¶ 23.

[16] Id. at ¶ 25.

[17] Id. at ¶ 29.

on the goods that it sold to Proteam.[18]  Proteam alleges that Insight owes it in excess of $500,000.[19]

On October 16, 2014, Insight commenced this action, in which it asserts a breach of contract claim and an unjust enrichment claim against Proteam.  Proteam has asserted three counterclaims against Insight:  (1) breach of contract, (2) breach of the implied covenant of good faith and fair dealing, and (3) intentional misrepresentation.

Following the filing of the instant motion to amend counterclaim and modify scheduling order, an informal discovery conference was convened on March 25, 2016.  As a consequence of that conference, the court ordered that the parties re-brief the pending motion.[20]  The supplemental briefing has been received[21] and reviewed by the court.  The focus of the supplemental briefing is Proteam's contention that its motion to extend discovery deadlines should be granted.

## Discussion

Proteam seeks leave to amend in order to add new factual allegations to its counterclaims.[22]  Although Proteam moves to amend its counterclaims to add this new factual information, Proteam also takes the position that its counterclaims as currently pled are broad enough to encompass this new information.  The court agrees with the latter contention.

---

[18]Id. at 6-7, ¶ 40.

[19]Id. at 5, ¶ 30.

[20]Docket No. 70.

[21]Docket Nos. 72, 73 & 74.

[22]Although Proteam moves to amend its counterclaims to add this new factual information, Proteam also takes the position that its counterclaims as currently pled are broad enough to encompass this new information.

In support of its motion to amend counterclaims, Proteam contends that it only recently discovered that Insight deliberately increased the cost of goods it sold to Proteam by purchasing the goods at a marked-up cost from Insight Direct USA, a sister company and co-subsidiary of Insight's parent company, Insight Enterprises, Inc. Proteam contends that this practice by Insight significantly lowered the gross profit on Proteam-brokered sales, thereby reducing the royalty to which Proteam was due on each sale. Proteam argues that amending its counterclaims to add these additional factual allegations will ensure that its fraud counterclaim is pled with sufficient particularity. To support its contention that it only recently discovered the information about Insight Direct USA, Proteam offers Insight's supplemental responses to Proteam's first set of interrogatories, dated November 11, 2015.[23] Proteam asked Insight:

> With respect to each business entity from which you purchased Goods, identify (1) the total dollar amount of your annual purchases, and (2) the total annual dollar amount(s) of incentives, rebates, discounts and other things of value which you received as the result of such purchases during each of the calendar years 2010 through 2013.[[24]]

Insight responded that "the vast majority of [its] annual sales are supplied by Insight Direct USA, Inc., as were all the sales at issue in this lawsuit. [Insight] does not receive any break on pricing that would not have been disclosed to Proteam to utilize in determining its sale price to the end user."[25]

Insight argues that Proteam did not recently learn that the goods that Insight sold to Proteam were purchased from Insight Direct USA. Rather, Insight contends that Proteam

---

[23]Defendant/Counterclaimant's Motion to Extend Deadlines and for Leave to File Second Amended Counterclaim, Exhibit C, Docket No. 43-1.

[24]Id. at 7-8.

[25]Id. at 8.

has known about Insight Direct USA's involvement since August 2015. To support this contention, Insight offers its initial responses to Proteam's first set of interrogatories, dated August 15, 2015, in which Insight provided the same answer as it did in its supplemental responses,[26] quoted above. Proteam filed the instant motion for leave to amend on February 16, 2016, six months after Insight's August 15, 2015, discovery response. Insight contends that Proteam could have filed the instant motion long before now instead of waiting until approximately one month before discovery was to close.[27] Insight also argues that any amendment would be futile because Proteam has no evidence to support these new factual allegations. Insight contends that further discovery will not lead to evidence that it marked up the cost of goods sold to Proteam.[28]

Even as to a second motion to amend,

> "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc., the leave [to amend] 'should ... be freely given.'"

Nat'l Council of La Raza v. Cegavske, 800 F.3d 1032, 1041-42 (9th Cir. 2015) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)).

---

[26] Insight Public Sector's Responses to Proteam's 1st Set of Interrogatories at 8, Exhibit B, Opposition to Defendant/Counterclaimant's Motion to Extend Deadlines and for Leave to File Second Amended Counterclaim, which is attached to Notice of Errata, Docket No. 58.

[27] All discovery in this case was set to close on March 25, 2016. Scheduling and Planning Order at 4, Docket No. 18.

[28] Insight also argues that Proteam cannot prove that the transactions alleged in the complaint were governed by the parties' agreement or that it is entitled to a 13% royalty, but these are arguments that go to the merits of Proteam's current counterclaims, not to whether amending those counterclaims would be futile.

Proteam's motion to amend is denied because of undue delay.  Proteam was not diligent in seeking leave to amend.  Proteam knew about Insight Direct USA in August 2015.  If Proteam believed that it needed to amend its counterclaims based on this information, it should have done so before February 2016, particularly since discovery in this case was set to close in March 2016.

If the motion for leave to amend is granted (which it is not), then Proteam moves to extend the deadlines in this case so that it can take discovery regarding Insight Direct USA's involvement in Insight's sales to Proteam.  More specifically, Proteam requests that the current scheduling order be vacated and a new Rule 16 conference ordered, to allow the scheduling of amended litigation deadlines.

"In general, the pretrial scheduling order can only be modified 'upon a showing of good cause.'"  Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608 (9th Cir. 1992)).  "The pretrial schedule may be modified 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'"  Id. (quoting Johnson, 975 F.2d at 609).  "If the party seeking the modification 'was not diligent, the inquiry should end' and the motion to modify should not be granted."  Id. (quoting Johnson, 975 F.2d at 609).

Proteam argues that it has shown good cause to modify the scheduling order because it has discovered new factual information that is pertinent to its counterclaims.  Proteam also argues that it has been diligent in moving to modify the scheduling order.

Insight argues that Proteam's motion to modify the scheduling order should be denied because Proteam was not diligent in seeking amendment.  Insight again points out that Proteam knew in August 2015 that Insight had purchased the goods it sold to Proteam from Insight Direct USA, but then Proteam waited six months before bringing the instant

motion. Insight also argues that there is no need to modify the scheduling order because Proteam has already taken discovery related to its allegations about Insight Direct USA's involvement in this case by propounding discovery upon Insight and serving a subpoena upon Insight Direct, USA.

In consideration of the foregoing and after having reviewed the parties' extensive supplemental briefing in which the parties debate the history of discovery in this case, the court concludes that Proteam has failed to demonstrate good cause to depart from the March 25, 2016, date for the completion of all discovery which the parties proposed[29] and the court approved.[30] The court is satisfied from the parties' supplemental briefing that adequate discovery has been undertaken with respect to the issues presented by Insight's complaint and defendant's answer and amended counterclaims.

## Conclusion

Proteam's motion for leave to amend and to modify the scheduling order is denied.

While the instant motion was under consideration, the time for filing dispositive motions in this case (April 22, 2016) expired. The time for serving and filing dispositive motions is extended to June 10, 2016.

DATED at Anchorage, Alaska, this  11th  day of May, 2016.

/s/ H. Russel Holland
United States District Judge

---

[29]Scheduling and Planning Conference Report at 4, Docket No. 17.

[30]Scheduling and Planning Order at 4, Docket No. 18.